Opinion filed January 17, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed January 17,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                    _________

 

                                                          No. 11-06-00101-CR

                                                       ________

 

                             ROBIN
EUGENE OLIVER JR., Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                           On
Appeal from the 3rd District Court

                                                       Anderson
County, Texas

                                                    Trial
Court Cause No. 27195

 



 

                                                                   O
P I N I O N

 

Robin Eugene Oliver Jr. appeals his conviction by a jury
of the offense of possession of marihuana in an amount of five pounds or less
but more than four ounces.  The trial court assessed his punishment at two
years in the Texas Department of Criminal Justice, State Jail Division.  He
contends in three issues that the evidence is legally and factually
insufficient to support his conviction; that the trial court erred in
permitting hearsay testimony during the punishment phase of trial, outside any
appropriate exception provided by law; and that the verdict and sentencing were
invalid as he was not provided effective assistance of counsel.  We affirm.








Oliver contends in issue one that the evidence is
legally and factually insufficient to support his conviction.  In order to
determine if the evidence is legally sufficient, the appellate court reviews
all of the evidence in the light most favorable to the verdict and determines
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979).  To determine if the evidence is factually sufficient, the
appellate court reviews all of the evidence in a neutral light.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the reviewing court determines whether the
evidence supporting the verdict is so weak that the verdict is clearly wrong
and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. Watson, 204 S.W.3d at 414-15;
Johnson, 23 S.W.3d at 10-11.

To prove the unlawful possession of contraband, the
State must prove that the accused exercised control, management, or care over
the contraband and knew that the matter possessed was contraband.  Poindexter
v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  When the accused is
not in exclusive possession of the place where the contraband is found, it
cannot be concluded that the accused had knowledge of and control over it
unless there are additional facts and circumstances that affirmatively link the
accused to the contraband.  Id. at 406.

After officers responded to a call at the home of Sharon
Fletcher, Oliver=s
mother, they searched the house pursuant to a search warrant.  When the search
warrant was executed, officers found a quantity of marihuana in a large bag
located in a white box under the bed in one of the bedrooms.  A few photographs
of Oliver were found in that bedroom, as well as correspondence addressed to
him.  Men=s clothing
was also found in the room.  We hold that the evidence is legally and factually
sufficient to support the conviction.  See Curtis v. State, 519 S.W.2d
883, 886 (Tex. Crim. App. 1975).

Oliver contends that the evidence showing that the
bedroom was his was ambiguous and that, even if it were his bedroom, the
contraband was discovered under his bed, not on his person.  We hold that a
rational jury could reasonably find that the bedroom was Oliver=s and that he exercised
control, management, or care over the marihuana and knew that it was
contraband.   Oliver does not cite any authority to support his contention that
the evidence must show that contraband was found on the defendant=s person rather than under
his bed before it will be found to be sufficient, and we are not aware of any. 
His contention is refuted by Curtis. Id.  We overrule issue one. 








Oliver
insists in issue two that the trial court erred by permitting hearsay testimony
during the punishment phase of trial, outside any appropriate exception
provided by law.  The testimony to which he refers are State=s Exhibits Nos. 85, 86, and
87.  Contrary to assertions by Oliver, each of these exhibits was admitted into
evidence without objection.  There being no objection at trial to any of those
exhibits, nothing is presented for review.  Tex.
R. App. P. 33.1(a).  We overrule issue two.  

Oliver
asserts in issue three that his verdict and sentencing were invalid as he was
not provided effective assistance of counsel.  He urges that his attorney=s representation of certain
co-defendants created an actual conflict of interest.  The possibility of a
conflict of interest is insufficient to impugn a criminal conviction.  Cuyler
v. Sullivan, 446 U.S. 335, 350 (1980).  In order to demonstrate a violation
of his or her Sixth Amendment rights, a defendant must establish that an actual
conflict of interest adversely affected his lawyer=s performance.  Id.  Oliver=s effort to demonstrate
that there was an actual conflict of interest is conclusory and vague.  We hold
that he has failed to establish that there was an actual conflict of interest
or that, if there were, it adversely affected his lawyer=s performance.  Oliver relies on Cuyler,
but we find nothing in that case inconsistent with this opinion.  We overrule
issue three.

The
judgment is affirmed.

 

PER CURIAM

 

January 17, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.